**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ZERIK A. SCOTT,
          Appellant,

      v.

DEPARTMENT OF STATE,
          Agency.

DOCKET NUMBER
DA-0752-14-0618-I-1

DATE: September 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony W. Walluk, Esquire, San Antonio, Texas, for the appellant.

Alexandra H. Perina, Haley B. Shellito, and Niels von Deuten, Washington,
    D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, to find that the penalty of removal is reasonable based solely on the sustained specifications of inappropriate conduct, we AFFIRM the initial decision.

## BACKGROUND

¶2      Prior to his removal, the appellant was employed as a GS-12 Supervisory Passport Specialist in the agency's Bureau of Consular Affairs, Houston Passport Agency. Initial Appeal File (IAF), Tab 6 at 15. On the morning of August 18, 2011, the appellant participated in a compelled interview conducted by the Bureau of Diplomatic Security (DS), regarding allegations of sexual harassment and misconduct. IAF, Tab 7 at 73-78. During that interview, the appellant declined to provide yes-or-no answers to several questions concerning his relationship with subordinate employees and expressed his wish to leave the interview. *Id*.; Hearing Compact Disc (HCD) (testimony of interviewing agent B.F. and the appellant). In an email issued later that same day, DS advised the appellant that his refusal to cooperate in the first interview could result in disciplinary action and offered him an opportunity to participate in a second compelled interview that afternoon at which he would reply fully and truthfully to the specific questions. IAF, Tab 23 at 85. After consulting with his attorney, the

appellant returned for a second interview, at which he responded to the same questions by answering "no." *Id*. at 88-89; HCD (testimony of B.F. and the appellant).

¶3      On August 25, 2014, the agency removed the appellant based on charges of inappropriate conduct and failure to cooperate in an official investigation. IAF, Tab 6 at 15, 17-28. Although the proposal notice included additional charges and an additional specification, the deciding official sustained the charge of inappropriate conduct based on three specifications: (1) that in April 2011, the appellant kissed an employee on an elevator at work, and, although she pushed away and told him "no," he nonetheless tried to kiss her again on two other occasions shortly thereafter; (2) that sometime between May and June 2010, the appellant showed another employee, Ms. G.-B., a naked photo of his sister-in-law and stated that he was "still trying to decide whether to hit that"; and (3) that the appellant stated to Ms. G.-B., in reference to another passport specialist, that he wanted to "hit that" or "tap that." *Id*. at 18-23. The deciding official sustained the charge of failure to cooperate in an official investigation based on five specifications relating to the first compelled interview conducted by DS on August 18, 2011: (1) that the appellant repeatedly refused to answer questions about whether he had any kind of physical relationship or sexual contact with his subordinates; (2) that he declined to answer a question as to whether he had ever had sex with one of his subordinates; (3) that he refused to answer a question as to whether he had ever seen one of his subordinates naked; (4) that he declined to answer a question as to whether any of his subordinates had ever seen him naked; and (5) that he did not respond to a question as to whether his wife knew about his relationship with a subordinate. *Id*. at 21-22.

¶4      The appellant filed a timely appeal. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision sustaining the removal action. IAF, Tab 35, Initial Decision (ID). Regarding the inappropriate conduct charge, the administrative judge sustained the second and third specifications set forth

above, but did not sustain the specification that the appellant kissed a coworker on an elevator. ID at 3-6. The administrative judge sustained all of the specifications under the failure to cooperate in an official investigation charge. ID at 6-8. She further found that the appellant failed to establish his affirmative defenses of harmful procedural error and denial of due process. ID at 8-11. Finally, she found that the agency established a nexus between the sustained misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 11-14.

¶5      This petition for review followed. Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 5-6.

## ARGUMENTS ON REVIEW

¶6      On review, the appellant first argues that the agency failed to prove the charge of failure to cooperate in an official investigation because, even though he did not provide yes-or-no answers during the first compelled interview on August 18, 2011, he did so during the second interview that same afternoon, and thus responded to the questions within a reasonable period of time. PFR File, Tab 1 at 5-10. We have given careful consideration to the appellant's argument. As discussed below, however, we find that the sustained specifications of inappropriate conduct are by themselves sufficient to warrant the appellant's removal. Accordingly, we need not and do not decide whether the administrative judge was correct in sustaining the charge of failure to cooperate in an official investigation.

¶7      The appellant further contends that, in sustaining the charge of failure to cooperate in an official investigation, the deciding official committed harmful procedural error by failing to properly consider the facts surrounding the second compelled interview. *Id*. at 13-14. However, the appellant does not identify any agency procedures the deciding official may have violated in that regard, but

instead reiterates his challenge to the merits of the charge. *Id*. at 14. In any event, in light of our finding that the charge of inappropriate conduct by itself warrants removal, the appellant has not established that any error on the part of the deciding official was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

¶8        The appellant also argues that the deciding official committed harmful error in applying the *Douglas* factors[2] in her penalty determination. PFR File, Tab 1 at 14. In particular, he contends that the deciding official erred in relying on a prior 5-day suspension as an aggravating factor and also erred in considering only his 6 years of service with the agency, instead of his 29 years of total Federal service. *Id*. As the administrative judge found below, the deciding official did err in considering the prior suspension, which the appellant served in May 2007, when all records of that suspension should have been destroyed pursuant to an agency policy requiring that records relating to adverse actions be destroyed within 7 years after the case is closed. ID at 10-11; *see* IAF, Tab 26 at 92. We also agree with the administrative judge that the deciding official should have considered the appellant's 29 combined years of Federal service, although this oversight does not appear to implicate any particular agency procedure. ID at 12-13; *see DiMaggio v. Department of the Air Force*, 28 M.S.P.R. 321, 324 (1985) (indicating that, in considering the length of an employee's Federal service for purposes of the *Douglas* factors analysis, the employee's military and civilian service should be considered). However, as discussed below, we have concluded that the removal penalty is reasonable, without considering the appellant's prior suspension, and while giving due weight to his 29 years of Federal service. Consequently, we find that the appellant has not shown that he

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

suffered harm as a result of the deciding official's erroneous application of the *Douglas* factors.

¶9    Finally, the appellant argues that the penalty of removal was not reasonable based solely on the sustained specifications of inappropriate conduct. We disagree. The most important factor in assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010). Inappropriate statements of a sexual nature and displaying an image of a naked woman constitute serious acts of misconduct, particularly when, as here, the acts were committed by a supervisor. *See Luongo v. Department of Justice*, 95 M.S.P.R. 643, ¶¶ 2-3, 16 (2004), *aff'd*, 123 F. App'x 405 (Fed. Cir. 2005); *see also Morrison v. National Aeronautics & Space Administration*, 65 M.S.P.R. 348, 358 (1994) (stating that introducing sexually explicit material into the Federal work environment was serious because it "could create a debilitating and potentially discriminatory work environment and its presence inherently impedes the full inclusion of all employees as professional equals"). The Board has held that removal may be appropriate in such circumstances. *See Alberto v. Department of Veterans Affairs*, 98 M.S.P.R. 50, ¶¶ 2, 12 (2004); *see also Luongo*, 95 M.S.P.R. 643, ¶¶ 12-16.[3] While we have considered the appellant's 29 years of Federal service as a mitigating factor, we nonetheless find that the sustained charges of inappropriate conduct are sufficiently serious that the penalty of removal is within the bounds of reasonableness. Accordingly, we sustain the agency's action.

---

[3] In his reply to the agency's response to his petition for review, the appellant cites *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006), in which the Board sustained a demotion action based on four incidents of inappropriate sexual comments directed at a subordinate employee. PFR File, Tab 6 at 9-10. Contrary to the appellant's assertions, the Board did not mitigate the agency's chosen penalty in that case. *Batten*, 101 M.S.P.R. 222, ¶ 14.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.